

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHERWIN S. PERKINS,          :  | PRISONER CIVIL RIGHTS |
|     Plaintiff, GDC # 1200331,   :  | 42 U.S.C. § 1983 |
|                                     : | |
| v.                             :  | |
|                                : | |
| CLARENCE SEELIGER; and   :  | CIVIL ACTION NO. |
| LINDA CARTER,             :  | 1:10-CV-2846-TWT |
|     Defendants.            :  | |

### ORDER AND OPINION

Plaintiff, presently confined in Mens State Prison in Hardwick, Georgia, has filed this pro se civil rights action. (Doc. 1). On September 14, 2010, the Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 3). The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination and for consideration of Plaintiff's motion for recusal (Doc. 4), which, after careful consideration, is **DENIED**. See Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (absent factual evidence showing a pervasive bias, a judge's rulings in the same or a related case are not a sufficient basis for recusal).

### I.   The Standard of Review for Screening Prisoner Civil Rights Actions

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity

or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal for failure to state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape

2

dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II. Discussion

Plaintiff brings this action against DeKalb County Superior Court Judge Clarence Seelinger and Clerk of Court Linda Carter. (Doc. 1 ¶ III). Plaintiff states that two checks were sent from his inmate account to the DeKalb County Superior Court. (Id. ¶ IV, Attach.). Plaintiff contends that, although these checks were cashed, Defendants failed to apply them to his two pending actions. (Id.). In response to Plaintiff's inquiries regarding this issue, Judge Seelinger informed him that the funds were for probation and fines. (Id.). Plaintiff states that he has never been on probation. (Id.). Plaintiff asserts that Defendants have "stolen" his money and denied him access to the courts. (Id.).

As an initial matter, to the extent that Plaintiff seeks monetary relief, Judge Seelinger is entitled to absolute judicial immunity. Mireles v. Waco, 502 U.S. 9, 9-12 (1991). As to Plaintiff's claim that Defendants stole his money, the Due Process

Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, because there are adequate post-deprivation remedies in Georgia, Plaintiff fails to state a federal constitutional claim. See Id. at 533; Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991); Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987) ("The State of Georgia has created a civil cause of action for the wrongful deprivation of property. [O.C.G.A.] § 51-10-1"). See also O.C.G.A. §§ 28-5-80 through 28-5-86 (providing a Claims Advisory Board by which an individual may raise a claim against the state or any of its agencies).

Finally, Plaintiff asserts that Judge Seelinger declared him not indigent and ordered him to pay the filing fee for his tort case. (Doc. 1 ¶ IV). Thus, Plaintiff contends that Defendants' misapplication of the checks from his inmate account has denied him access to the courts. (Id., Attach.). An inmate alleging lack of access to the courts must show actual injury, i.e., that the lack of access has hindered his efforts to pursue a non-frivolous legal claim. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). Here, Plaintiff does not allege that his tort case has been dismissed. In fact, Plaintiff asks this Court "for a change in venue of his tort case," which suggests that it remains

4

pending. (Doc. 1 ¶ V). Accordingly, this claim fails because Plaintiff has not alleged that Defendants' actions have prevented him from filing or pursuing any non-frivolous claims.

### III. Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that the instant pro se civil rights action (Doc. 1) is **DISMISSED** for failure to state a claim.

**IT IS SO ORDERED** this  9  day of  November , 2010.

*[signature]*

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)